UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE IRON WORKERS'
LOCAL NO. 25 PENSION FUND, et al.,

      Plaintiffs,

v.

QUALITY STEEL FABRICATING &
ERECTING, INC., et al.,

      Defendants.

Case No. 19-11127
Honorable Laurie J. Michelson

**ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT [19]**

      Plaintiffs, the Trustees of the Iron Workers' Local No. 25 Funds ("the Funds"), filed this lawsuit seeking unpaid employee fringe benefit contributions, liquidated damages, interest, and attorney's fees from Defendant Quality Steel Fabricating & Erecting, Inc. and the company's owner, Thomas Stephens. Defendants defaulted and Plaintiffs moved for a default judgment. The parties attempted to resolve the case with informal settlement discussions, and Defendants ultimately paid all outstanding benefits contributions. But the parties were unable to resolve the issue of liquidated damages and attorney's fees, so Plaintiffs filed an amended motion for default judgment. Plaintiffs' request for liquidated damages will be denied because they fail to establish that they are entitled to such damages. But the Court will grant Plaintiffs a default judgment for attorney's fees and costs.

**I.**

      The Funds are administered pursuant to Section 302 of the Labor Management Relations Act, 29 U.S.C. § 186, and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* (ECF No. 1, PageID.2.) The Funds were established pursuant to a collective

bargaining agreement ("CBA") between Local Union No. 25, International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO and certain employers of union members. (*Id.* at PageID.3.) Quality Steel is one of those employers. (*Id.*)

Quality Steel signed the CBA in 2008. (ECF No. 19-3, PageID.189.) Pursuant to the terms of the CBA, Quality Steel agreed to pay employee fringe benefit contributions to the Funds for each of its employees covered by the CBA. (ECF No. 1, PageID.4.) The CBA also includes a liquidated damages provision for late contributions, which charges the employer with liquidated damages that increase the longer a contribution is delayed, as well as the costs of collection and attorney's fees. (*Id.*)

Plaintiffs filed this lawsuit in April 2019, alleging that Defendants owed unpaid fringe benefit contributions, liquidated damages, interest, costs, and fees. (*Id.* at PageID.9.) Defendants failed to respond after being served and defaults have been entered against them. (ECF Nos. 7, 8.) Plaintiffs originally filed a motion for default judgment in August 2019. (ECF No. 9.) The Court held a hearing on the motion on September 24, 2019. The individual Defendant, Thomas Stephens, appeared at the hearing on behalf of all Defendants in order to oppose the motion. The Court adjourned the hearing to allow the Plaintiffs to file supplemental briefing and the corporate Defendant to secure counsel. (ECF No. 12.) The follow-up hearing was rescheduled a number of times on request of the parties. Plaintiffs then agreed to withdraw their motion for default judgment without prejudice in February 2020, to allow for time to audit and review Defendants' records and for informal settlement talks. (ECF No. 18.)

When no final settlement was reached, Plaintiffs filed an amended motion for default judgment in the amount of $66,842.37. (ECF No. 19.) The Court found that Plaintiffs had not provided sufficient information to ascertain the amount of damages with reasonable certainty and

ordered supplemental briefing. (ECF No. 20.) In Plaintiffs' supplemental brief they acknowledge that Defendants have paid the unpaid contributions and audit liquidated damages. (ECF No. 23, PageID.217.) But, allege Plaintiffs, Defendants remain liable for $41,196.25 in late payment liquidated damages, and $6,436.25 in attorney's fees and costs. (*Id.* at PageID.217, 222.) Defendants (who had retained counsel) filed a motion in opposition, disputing the amount of liquidated damages owed. (ECF No. 24.)

## II.

It is undisputed that defaults have been entered against Defendants. But "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quoting *Credit Lyonnais Sec. (USA) Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999); *see also Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) ("A default judgment on well-pleaded allegations establishes only defendant's liability; plaintiff must still establish the extent of damages." (quoting *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich. 1983))).

## III.

### A.

Because Defendants have paid the outstanding unpaid contributions, the principal remaining dispute is over the amount of late-payment liquidated damages that Defendants owe. Plaintiffs allege that per the terms of the CBA's liquidated damages provision, Defendants owe a total of $41,196.25 in liquidated damages for late contributions.

Typically, liquidated damages in an ERISA-benefits case are governed by 29 U.S.C. § 1132(g)(2). But that section only applies when the court has issued a judgment which includes unpaid contributions. The Sixth Circuit makes clear that § 1132(g)(2) does not apply when all unpaid contributions are resolved before judgment. *Michigan Carpenters Council Health & Welfare Fund v. C.J. Rogers, Inc.*, 933 F.2d 376, 390 (6th Cir. 1991); *Bricklayers Pension Tr. Fund v. Rosati, Inc.*, 187 F.3d 634, 1999 WL 503501, *2 (6th Cir. 1999) (unpublished table decision) ("In the instant matter, there were no unpaid fringe benefit contributions at the time of entry of the default judgment. Section 1132 thus does not apply.").

It seems that Plaintiffs acknowledge that § 1132(g)(2) no longer applies to the analysis of liquidated damages in this case. Although Plaintiffs cite to § 1132(g)(2) in their original motion (ECF No. 19), in their supplemental brief they instead focus on Article 18 of the CBA as the source of liquidated damages (*id.* at PageID.217).

When, as here, § 1132(g)(2) does not apply, liquidated damages can still be awarded pursuant to the contractual terms of a CBA. But, in that case, "the district court should examine whether the liquidated damages provisions in the operative collective bargaining agreements constitute a penalty under federal common law." *Michigan Carpenters*, 933 F.2d at 390. To determine if they are a penalty, the Court must determine whether the provisions meet two conditions of enforceability: (1) "the harm caused by a breach must be very difficult or impossible to estimate," and (2) "the amount fixed must be a reasonable forecast of just compensation for the harm caused." *See Bricklayers*, 187 F.3d 634, 1999 WL 503501, *2 (citing *United Order of Am. Bricklayers and Stone Mason Unions No. 21 v. Thorleif Larsen & Son, Inc.*, 519 F.2d 331, 332 (7th Cir. 1995)).

4

Plaintiffs fail to address the threshold question of whether the liquidated damages provision in the CBA constitutes a penalty under federal common law. Plaintiffs have provided no analysis or explanation of the terms of the CBA that the Court can rely on to determine whether the provisions meet the two conditions of enforceability. *See Bricklayers*, 187 F.3d 634, 1999 WL 503501, *3 (explaining, where a trust seeks to recover liquidated damages pursuant to a CBA, "these contractual provisions must be carefully scrutinized to determine whether they are void as a penalty"). The Court has made clear to Plaintiffs on multiple occasions that it will not grant a default judgment without adequate support for the damages requested. (*See, e.g.*, ECF Nos. 12, 20.) And Plaintiffs' attorneys have litigated many similar ERISA-benefits cases and are undoubtedly aware that when § 1132 does not apply, they must establish that the liquidated damages provisions are not a penalty under federal common law. Because Plaintiffs have failed to establish that they are entitled to liquidated damages, that request is denied.

**B.**

That leaves the issue of attorney's fees and costs. Because this suit was originally filed pursuant to 29 U.S.C. § 1332, Plaintiffs are entitled to attorney's fees and costs under § 1332(g)(1) "even though the results obtained were not due to a court order directing [Defendants] to provide the benefits." *Petro v. Flintkote Co.*, 633 F. Supp. 10, 11 (N. D. Ohio 1986) (citing *Othen v. Ann Arbor Sch. Bd.*, 699 F.2d 309, 313 (6th Cir. 1983)); *see also Trustees of IBEW Local 38 Health & Welfare Funds v. GHL Elec. Mech., Inc*., No. 1:09 CV 0028, 2010 WL 723774, at *5 (N. D. Ohio Feb. 24, 2010).

In their amended motion for default judgment, Plaintiffs averred that they had incurred attorney's fees and costs in the amount of $6,436.25 through June 3, 2020. (ECF No. 19, PageID.133.) Plaintiffs provided an affidavit from attorney John D. McClune in support of this

request. (ECF No. 19-5.) The attorney's fees requested include 17.7 hours at an associate rate of $200 per hour and 10.25 hours at a shareholder rate of $225 per hour. (*Id.* at PageID.207.) These amounts do not include work related to the request for liquidated damages after Defendants satisfied all unpaid benefits contributions. The Court finds this is proper since Plaintiffs failed to establish that they are entitled to these liquidated damages. The costs requested are $400 for the filing fee and $190 for the service of the summons and complaint. (*Id.*) The Court concludes that these fees and costs are reasonable for this case.

**IV.**

For these reasons, the Court GRANTS IN PART Plaintiffs' Amended Motion for Default Judgment (ECF No. 19) and awards Plaintiffs a default judgment in the amount of $6,436.25 for attorney's fees and costs.

SO ORDERED.

Dated: December 23, 2020

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE