UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE IRON WORKERS' LOCAL NO. 25 PENSION FUND, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>QUALITY STEEL FABRICATING & ERECTING, INC., et al.,<br><br>    Defendants. | Case No. 19-11127<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION [29]**

Plaintiffs, the Trustees of the Iron Workers' Local No. 25 Funds ("the Funds"), filed this lawsuit seeking unpaid employee fringe benefit contributions, liquidated damages, interest, and attorney's fees from Defendant Quality Steel Fabricating & Erecting, Inc. and the company's owner, Thomas Stephens. Defendants defaulted and Plaintiffs moved for a default judgment. After numerous briefs, the Court ruled that Plaintiffs failed to establish entitlement to liquidated damages but granted Plaintiffs attorney's fees and costs. Plaintiffs now seek reconsideration of this ruling. (ECF No. 29.) Because the Court finds no error or palpable defect in its prior ruling, the motion is denied.

**I.**

As explained in the Court's previous order, this case began in April 2019 when Plaintiffs filed a complaint alleging that Defendants owed unpaid fringe-benefit contributions, liquidated damages, interest, costs, and fees pursuant to a collective bargaining agreement (CBA) between Defendants and Local Union No. 25, International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO. (ECF No. 1, PageID.3.)

Defendants failed to respond after being served and defaults were entered against them. (ECF Nos. 7, 8.) Plaintiffs originally filed a motion for default judgment in August 2019. (ECF No. 9.) The Court held a hearing on the motion on September 24, 2019. After Defendant Thomas Stephens unexpectedly appeared at the hearing and claimed the fringe-benefit contributions had been paid, the Court adjourned the hearing to allow the Plaintiffs to file supplemental briefing and to allow the corporate Defendant to secure counsel. (ECF No. 12.) The follow-up hearing was rescheduled a number of times on request of the parties. Plaintiffs then agreed to withdraw their motion for default judgment without prejudice in February 2020, to allow for time to audit and review Defendants' records and for informal settlement talks. (ECF No. 18.)

When no final settlement was reached, Plaintiffs filed an amended motion for default judgment. (ECF No. 19.) The Court found that Plaintiffs had not provided sufficient information to ascertain the amount of damages with reasonable certainty and ordered supplemental briefing. (ECF No. 20.) In Plaintiffs' supplemental brief they revealed that, after the filing of the amended motion, Defendants paid all unpaid contributions. (ECF No. 23, PageID.217.) But, Plaintiffs argued, Defendants were still liable for liquidated damages, attorney's fees, and costs. (*Id.* at PageID.222.) The Court found that, based on these changed circumstances, Plaintiffs failed to establish their entitlement to liquidated damages. *See Trustees of Iron Workers' Local No. 25 Pension Fund v. Quality Steel Fabricating & Erecting, Inc.*, No. 19-11127, 2020 WL 7645710 (E.D. Mich. Dec. 23, 2020). But the Court granted Plaintiffs attorney's fees and costs. *Id.* at *3. With the motion for default judgment resolved, the Court entered a final judgment in the case. (ECF No. 28.) Fourteen days later, Plaintiffs filed a motion for reconsideration arguing that the Court's denial of liquidated damages was based on a palpable defect and the order and judgment should be vacated. (ECF No. 29.)

## II.

A motion for reconsideration is not a blank check to relitigate issues the Court has already ruled on. Reconsideration under the Local Rules is much more circumscribed. Local Rule 7.1 permits a party to move for "rehearing or reconsideration . . . within 14 days after entry of the judgment or order." E.D. Mich. L.R. 7.1(h)(1). The moving party must "demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and then "show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3).

## III.

It seems that Plaintiffs are arguing that the Court's denial of liquidated damages was the product of a palpable defect for two reasons: (1) the Plaintiffs were not required to make an affirmative showing that the liquidated-damages provision was not a penalty because Defendants did not contest liquidated damages, and (2) Plaintiffs did not understand that they had to make this affirmative showing without the Court directly ordering them to do so.

### A.

There are multiple problems with Plaintiffs' first argument.

In its order, the Court explained that when a plaintiff seeks liquidated damages in an ERISA-benefits case, but all outstanding benefits contributions have been paid, the ERISA statute (29 U.S.C. § 1132(g)(2)) does not apply. *See Trustees of Iron Workers'*, 2020 WL 7645710, at *2. Instead, a plaintiff must establish it is entitled to liquidated damages pursuant to the contractual terms of a CBA. *Id.* And, the Court further explained, in this scenario, a court can only award liquidated damages after determining that the provision is not a penalty under federal law. *Id.* (citing *Michigan Carpenters Council Health & Welfare Fund v. C.J. Rodgers, Inc.*, 933 F.2d 376,

3

390 (6th Cir. 1991) and *Bricklayers Pension Tr. Fund v. Rosati, Inc.*, 187 F.3d 634, 1999 WL 503501 (6th Cir. 1999) (unpublished table decision)).

Plaintiffs state that they do not contest the Court's interpretation of *Michigan Carpenters* and *Bricklayers*. (ECF No. 29, PageID.348.) But Plaintiffs argue that these cases are distinguishable from their own situation because in *Michigan Carpenters* and *Bricklayers* the liquidated-damages provision was contested. And they argue that Defendants here only raised objections to the underlying calculations of the liquidated damages, not the assessment of the damages in general. (*Id.*) The Court finds that this argument is misguided in two respects.

First, nowhere do these two cases say that the Court's duty to examine whether a liquidated damages provision is a penalty only arises when raised by a defendant. *Michigan Carpenters* describes the duty of the Court as follows: "We caution, however, that in assessing liquidated damages to those contributions not covered by section 1132(g)(2), the district court should examine whether the liquidated damages provisions in the operative collective bargaining agreements constitute a penalty under federal common law." 933 F.2d at 390 (internal citation omitted). This is a general statement that applies to any case in which liquidated damages are not being assessed pursuant to § 1132(g)(2). In *Bricklayers*, it is true that the defendant explicitly argued that the liquidated damages provision constituted an illegitimate penalty. 187 F.3d 634, 1999 WL 503501, at *1. But here again, the Sixth Circuit gives no indication that the penalty issue only arises when a defendant contests it.

Inherent in the nature of default judgment proceedings is that the defendant typically does not appear and oppose the motion. It would be illogical to conclude that the Court's duty to determine if a liquidated damages provision is a penalty only arises if the defaulted defendant explicitly makes the argument. In the default judgment context, the Court has a responsibility to

4

ensure the plaintiff is entitled to the damages it is seeking. In fact, the Court must find there is sufficient evidence to determine with reasonable certainty the value of damages. *Vesligaj v. Peterson*, 331 F. App'x 351, 356 (6th Cir. 2009). And it was Plaintiff's burden to establish it is entitled to the damages it seeks. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) ("A default judgment on well-pleaded allegations establishes only defendant's liability; plaintiff must still establish the extent of damages." (quoting *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich. 1983))).

Second, the Court takes issue with Plaintiffs' conclusion that Defendants did not contest the award of liquidated damages beyond individual calculations. The Court agrees that situation could be different if Defendants had clearly conceded that they owed liquidated damages as outlined by the CBA, such that it was clear they did not believe the provision was a penalty under federal common law. But Defendants did not do that.

True, Defendants did not explicitly argue that the liquidated damages provision is a penalty under federal common law. But Defendants opened their response brief by arguing "the Union [the Funds] is getting rich charging late fees . . . And the Union is over-charging late fees . . . And because the Union is making so much money on late fees they are entirely unreasonable and unwilling to compromise." (ECF No. 24, PageID.311.) Though not very artfully drafted, the Court interpreted this as an opposition to the imposition of liquidated damages as outlined in the CBA. By arguing that the Funds are over-charging late fees, Defendants were essentially arguing that the liquidated damages are a penalty rather than a reasonable forecast of the damage caused by late-paid benefits.

Plaintiffs' only response to this point came in a footnote of their reply brief. In that footnote, Plaintiffs stated simply that the liquidated damages were a reasonable forecast of harm and there

5

was no punishment of Defendants. This conclusory response, unsupported by evidence, was not sufficient to establish that the damages are not a penalty. And Plaintiffs' arguments in its motion for reconsideration why the liquidated damages provision is not a penalty (which are still only supported by lawyer argument and not evidence) come too late. *See Dassault Systemes, SA v. Childress*, 828 F. App'x 229, 237 (6th Cir. 2020) (noting that a motion for reconsideration is not a place to present new argument).

*Bricklayers* makes clear that the Court must "carefully scrutinize" the terms of the contract containing the liquidated-damages provision to ensure it is not a penalty. 187 F.3d 634, 1999 WL 503501, at *3. In that case, the Sixth Circuit remanded the case to the district court because it found that the district court had not sufficiently scrutinized the liquidated damages provision. *Id.*

In this case, Plaintiffs failed to provide sufficient information for the Court to determine whether the relevant liquidated damages provision met the two conditions of enforceability outlined in the Court's prior order. *Trustees of Iron Workers'*, 2020 WL 7645710, at *2. Plaintiffs did not present evidence that the harm caused by a breach of the CBA would be very difficult or impossible to estimate. Nor did Plaintiffs present evidence that the amount of liquidated damages is a reasonable forecast of just compensation. Absent proof of both, the Court could not determine that the liquidated damages provision was not a penalty.

Because the Court's order correctly stated the requirements for Plaintiffs to establish entitlement to liquidated damages, and Defendants did not concede that Plaintiffs had met these requirements, the Court's ruling was not defective—let alone palpably so.

**B.**

The second part of Plaintiffs' argument appears to concede that they did not make the requisite showing. They again argue that they did not believe they were required to do so. This

time Plaintiffs state that they "simply did not understand the Court to be seeking any additional evidence regarding a determination that the provision contained in the CBA, was not an illegitimate penalty." (ECF No. 29, PageID.350.)

As the Court explained above, after Defendants satisfied all unpaid contributions, § 1132(g)(2) no longer applied, and Plaintiff was not entitled to liquidated damages under that section. So in order to establish that they were still entitled to liquidated damages, Plaintiffs needed to show they were contractually entitled to them. As part of their affirmative burden, Plaintiffs were required to show the provision for liquidated damages was not a penalty. Plaintiffs' experienced attorneys understand the different legal requirements triggered once § 1132(g)(2) no longer applies. They were obligated to provide the Court with an updated brief explaining why they were still entitled to liquidated damages. It is not the Court's job to instruct Plaintiffs how to meet their burden.

Plaintiffs also specifically argue that they "did not understand the Court's Orders for supplemental briefing to be examining whether or not the liquidated damages assessed were a penalty." (ECF No. 29, PageID.349.) It is correct that the Court's order did not include this instruction. That is because the Court's order was issued before Plaintiffs informed the Court that Defendants had satisfied all unpaid contributions, so § 1132(g)(2) was still the applicable standard for liquidated damages at the time of the Court's order. Once the evidence showed that § 1132(g)(2) was no longer applicable, it was Plaintiffs' job to update their legal arguments. The fact that the Court had previously ordered Plaintiffs to submit supplemental briefing to cure deficiencies in their motions does not mean that the Court was required to continue giving step-by-step instructions.

The Court is also unmoved by Plaintiffs' statement that they have never before been asked to produce proof that the liquidated damages provision of the CBA is not a penalty. First, it is possible that this precise situation has not arisen in Plaintiffs' counsel's other cases. In the one case Plaintiffs provide as an example, the Plaintiffs' request for damages included unpaid benefits contributions. So in that case, § 1132(g)(2) applied, and Plaintiffs were not required to establish that the liquidated damages provision was not a penalty. Second, even if other courts did not enforce the requirement that Plaintiffs establish contractual entitlement to liquidated damages by proving the provision was not a penalty, this does not mean the Court committed an error in requiring Plaintiffs to make the showing in this case.

Lastly, the Court addresses Plaintiffs' argument that any administrative costs incurred based on late payments must be paid by participants if the Court does not award liquidated damages. While the Court is sympathetic to the beneficiaries of the Funds, that consequence is not the result of any Court error. Moreover, it appears the Plaintiffs have already received "audit liquidated damages" from Defendants. (ECF No. 23, PageID.217.)

None of Plaintiffs' arguments identify a palpable defect in the Court's order. It appears that Plaintiffs are essentially asking the Court to revisit the decision denying them an opportunity to submit supplemental briefing on the penalty issue. But the Court had already given the Plaintiffs multiple opportunities to establish their damages and determined, in its discretion, that a third order for supplemental briefing was not justified. Nothing in the Plaintiffs' motion for reconsideration convinces the Court otherwise.

**IV.**

In sum, Plaintiffs have failed to identify a palpable defect in the Court's order as required to grant a motion for reconsideration. Plaintiffs' failure to establish their entitlement to liquidated

damages is not cause for reconsideration. Thus, Plaintiffs' motion for reconsideration (ECF No. 29) is DENIED.

SO ORDERED.

Dated: January 19, 2021

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE